[No. 61757-1.  En Banc.  July 6, 1995.]

*In the Matter of the Personal Restraint of* ROBERT E. SHEPARD, *Petitioner*.

*Robert E. Shepard,* pro se, for petitioner.

*Christine Gregoire, Attorney General, Talis M. Abolins, Assistant,* and *Marion E. Morgenstern, Assistant,* for respondent State of Washington.

*Norman Maleng, King County Prosecutor,* for respondent State of Washington King County.

GUY, J. — In *In re Cashaw*, 123 Wn.2d 138, 150, 866 P.2d 8 (1994), we ruled that the Indeterminate Sentence Review Board (Board) must "comply with its own regulations for conducting parolability hearings whenever it relies on an inmate's lack of rehabilitation in setting a minimum term to coincide with the inmate's maximum term". We now rule that the Board may not amend its regulations retroactively to deny an inmate the right to appear at a parolability hearing.

FACTS

Petitioner Robert Shepard[1] has a long history of committing major crimes and violating parole. On March 10, 1972, the Snohomish County Superior Court sentenced Petitioner to a maximum term of 20 years with a recommended minimum of two years. In November 1973, he was released on parole; but in October 1975, he violated parole and returned to prison. During the next 14 years, Petitioner qualified for parole three times and violated parole three times, committing assault, kidnapping and burglary while released.

On April 12, 1990, Petitioner received a sentence under the Sentencing Reform Act (SRA) of 116 months for first-degree burglary, the last of his crimes committed on parole. He is still serving this SRA sentence and has a release date of January 1999.

On June 13, 1990, the Board decided without a hearing that Petitioner would not become eligible for parole before March 21, 1992, the 20-year maximum term for his 1972 robbery conviction. The Board extended Petitioner's minimum term to equal the maximum and foreclosed any future review of his parolability. As a consequence, Petitioner argues he lost nine months of time credit reductions, known as "good time credits". Petitioner served the maximum term and immediately began serving his SRA sentence.

Two years after the Board extended Petitioner's minimum term, the Court of Appeals decided *In re Cashaw*, 68

---

[1]Petitioner has legally changed his name to "Shep". This opinion uses the name under which Petitioner was sentenced.

Wn. App. 112, 839 P.2d 332 (1992), *aff'd*, 123 Wn.2d 138, 866 P.2d 8 (1994). Petitioner Cashaw had argued the Board denied him due process by failing to hold an in-person parolability hearing before extending his sentence to the maximum. The Court of Appeals granted the petition and remanded the case to the Board for an in-person hearing. *In re Cashaw*, 68 Wn. App. at 124.

Subsequent to the Court of Appeals' ruling in *In re Cashaw, supra*, the Board amended its procedures for parolability hearings. *See* WAC 381-60. The Board added the following italicized language to the first section of its rules:

> The purpose of this chapter is to specify policies and procedures relating to hearings conducted to determine the parolability of certain offenders. *The following regulations set forth procedural guidelines. They do not create procedural or substantive rights in any person, and should not be interpreted or applied in such a manner as to abridge rights already guaranteed by the United States Constitution. The regulations should be interpreted to have sufficient flexibility so as to be consistent with law and to permit the indeterminate sentence review board to accomplish its statutory purposes.*

(Italics ours.) WAC 381-60-010. The Board made identical amendments to the statements of purpose in its regulations on fixing minimum terms (WAC 381-30-010), administrative progress and parole reviews (WAC 381-40-010), conducting disciplinary hearings (WAC 381-50-010), conducting parole revocation hearings (WAC 381-70-010), and conditional discharge-final discharge-clemency (WAC 381-80-010).

On July 19, 1993, Petitioner filed his personal restraint petition (PRP) alleging, among other claims, the Board denied him a parolability hearing under *In re Cashaw, supra*. On May 5, 1994, the Court of Appeals dismissed his PRP, and Petitioner moved for discretionary review in this court.

On August 22, 1994, the Board approved a new procedure for parolability hearings. Those inmates still serving indeterminate sentences would have the right to attend

parolability hearings under *Cashaw*. Those inmates, like Petitioner, who have completed their indeterminate sentences would not have a right to attend the hearing. Instead, the Board would review the inmate's files and determine whether the inmate was parolable on the date the Board first extended the minimum term to the maximum.

If it decides in the inmate's favor, the Board could reduce the indeterminate sentence by the amount of accrued good time credits and move up the start date of the SRA sentence. As a result, the inmate's release date would improve by the amount of the good time credit.

On September 23, 1994, the Board conducted its administrative review of Petitioner's parolability and approved its prior decision to extend Petitioner's sentence to the maximum.

## Issue

This court granted discretionary review on one issue in Petitioner's PRP: "whether the Petitioner is entitled to relief given the ISRB's failure to provide him with an in-person parole eligibility hearing".

## Analysis

■ The Board's regulations grant inmates the right to appear at parolability hearings.

The written notice provided by the board will advise the resident that:

(1) His minimum term may be redetermined but not until after a hearing in front of the board where he is present and given the opportunity to be heard under oath;

(2) He will have the right to present evidence and witnesses in his behalf;

(3) He will have the right to have an attorney present, but at his own expense since the board has no funds to pay for attorneys, witness fees, the cost of subpoenas, or any other related costs that may be incurred by the inmate.

WAC 381-60-070. Under *Cashaw*, the Board's failure to follow this regulation is grounds for granting a PRP. *In re Cashaw*, 123 Wn.2d at 149.

The State gives two reasons against granting the petition in this case. First, the State contends Petitioner failed to make a threshold showing of prejudice from the Board's actions. Second, the State claims the amendments to WAC 381-60-010 eliminate any right to an in-person hearing.

■■ An inmate who challenges a criminal conviction in a personal restraint petition must meet certain threshold requirements before a court will act on the petition.

> The threshold requirements have been recently stated as follows: A PRP alleging a constitutional error must show "actual and substantial prejudice", while a PRP alleging nonconstitutional error must show "a fundamental defect which inherently results in a complete miscarriage of justice". *See In re Cook*, 114 Wn.2d 802, 810, 812, 792 P.2d 506 (1990).

*In re Cashaw*, 123 Wn.2d at 148. An inmate who challenges a decision concerning parole need not meet these threshold standards. *In re Cashaw*, 123 Wn.2d at 148-49 (threshold requirements do not generally apply where inmate "has had no previous or alternative avenue for obtaining state judicial review"). This court evaluates petitions that challenge parole decisions "by examining *only* the requirements of RAP 16.4". (Italics ours.) *In re Cashaw*, 123 Wn.2d at 149 (proof of restraint and unlawfulness of restraint).

The State contends proof of an unlawful restraint requires evidence the Board abused its discretion. In *In re Locklear*, 118 Wn.2d 409, 418, 823 P.2d 1078 (1992), the court held "[t]he standard of review for ISRB decisions setting new minimum terms is an abuse of discretion. *In re Myers*, 105 Wn.2d 257, 714 P.2d 303 (1986)". The State claims the same standard of review governs Petitioner's PRP: Petitioner failed to prove the Board abused its discretion when it denied him parole.

■ Petitioner need not prove an abuse of discretion once

he shows the Board failed to follow its regulations. Abuse of discretion is the standard for petitions which challenge the *substance* of the Board's decision. *See In re Locklear*, 118 Wn.2d at 415 (Board failed to consider SRA ranges in setting minimum term); *In re Myers, supra* (Board's minimum term inconsistent with SRA). Here, Petitioner challenges the Board's failure to adhere to its own procedures.[2] In this respect, Petitioner's PRP is identical to Cashaw's— the Board's denial of the inmate's rights to a hearing invalidated the subsequent decision.

■ This does not imply that Petitioner has a right to recover his good time credits. *In re Cashaw, supra*, entitles inmates to a new hearing, not to a particular substantive outcome. At an appropriate in-person hearing, Petitioner must prove his past eligibility for parole, and we do not presume a result.

The State also argues the Board's amendment to WAC 381-60-010 eliminated inmates' reliance on the regulations for procedural or substantive rights. That amendment construed the Board's regulations as setting forth "procedural guidelines. They do not create procedural or substantive rights". WAC 381-60-010.

The timing of the various events in this case is critical to evaluating the State's argument. Petitioner was eligible for a parolability hearing on June 13, 1990—the date the Board extended his minimum term to the maximum. The Court of Appeals decided *In re Cashaw, supra*, on May 26, 1992, and on August 23, 1993, the amendment to WAC 381-60-010 became effective.

Petitioner argues the amendment cannot retroactively deprive him of an in-person hearing.

Petitioner is correct. The State concedes the relevant question is whether Petitioner was parolable *at the time the Board extended his sentence to the maximum*. The Board's administrative review of Petitioner's files in

---

[2]This court denied review of Petitioner's challenges to the substance of the Board's decision.

September 1994 decided that question. The State seeks to apply the Board's amendment retroactively to the date Petitioner became eligible for a parolability hearing, June 13, 1990.

■ The court does not support retroactive application of agency rules for the following reasons. First, the court presumes newly enacted statutes and regulations operate prospectively. *Yellam v. Woerner*, 77 Wn.2d 604, 607, 464 P.2d 947 (1970). Second, the Board's amendment to its regulations is not remedial. The right to appear at a parolability hearing, give testimony, and have an attorney present are mandatory under the Board's prior regulations.

■ ■ Third, the court will not enforce retroactive amendments used to circumvent a judicial opinion. *Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal*, 39 Wn. App. 609, 614, 694 P.2d 697 (1985). Finally, fourth, the Board has no statutory authorization to promulgate retroactive regulations. *See* RCW 9.95.009(2) and RCW 9.95.100.

Petitioner had the right to a parolability hearing under the regulations in effect on June 13, 1990. According to those regulations, Petitioner had a right to appear at the hearing. This case is indistinguishable from *In re Cashaw, supra*.

## Conclusion

The court grants the personal restraint petition on the limited issue of an in-person parolability hearing. The court remands this case to the Indeterminate Sentence Review Board for proceedings consistent with this opinion.

DURHAM, C.J., and DOLLIVER, SMITH, JOHNSON, MADSEN, ALEXANDER, and TALMADGE, JJ., concur.

Reconsideration denied August 22, 1995.