[No. 45441-2-I.   Division One.   July 30, 2001.]

*In the Matter of the Personal Restraint of* KENNETH MINES, *Petitioner.*

*Thomas M. Kummerow* (of *Washington Appellate Project*), for petitioner.

*Christine O. Gregoire, Attorney General,* and *Donna H. Mullen, Assistant,* for respondent.

BAKER, J. — Kenneth Mines filed a personal restraint petition (PRP) seeking a new parole revocation hearing. Mines argues that he is unlawfully restrained because the Indeterminate Sentencing Review Board failed to make an audiotape recording of his hearing as required by statute and regulation. Because Mines has failed to demonstrate that he has been prejudiced by the Board's procedural violation, we deny the petition.

I

Mines was on work release from a previous assault and escape conviction when he broke into his girl friend's apartment and stabbed to death a male friend who was in the apartment with her. Mines was convicted of second degree murder and found to be a habitual criminal. The Board set his minimum term at 20 years. Mines was paroled in 1998. As a condition of parole, Mines was required to "enter into and successfully complete any drug and alcohol program as deemed necessary by [his] supervising [community corrections officer]." Mines enrolled in Lakeside Milam Recovery Center, a state sanctioned drug and alcohol outpatient program.

Approximately six months later, Mines was terminated from the program for allegedly making unwanted sexual advances toward three female clients. Consequently, Mines' community corrections officer (CCO) moved to revoke his parole. Mines was charged with harassing Lakeside Milam clients Lucy Lotto and Denise Devine and with failure to comply with his drug/alcohol treatment program. His parole was suspended pending a parole revocation hearing before the Board. Mines was duly notified of the charges and was given advance written notice of the hearing date and time.

The parole revocation hearing was held before Board member Kathryn Bail. Mines was represented by counsel and testified at the hearing, as did Lotto, Devine, Lakeside director Preston Kayes, and Mines' CCO. The Board concluded that Mines was guilty of violating parole conditions and of harassing Lucy Lotto, but not guilty of harassing Denise Devine. The Board decided to revoke Mines' parole and set his new minimum term at 36 months.

Mines retained counsel to appeal the Board's finding. Counsel made a written request for a copy of the audio recording of the parole revocation hearing. The Board informed Mines' counsel that it was unable to make a copy of Mines' hearing tape because it was blank. Counsel for

Mines then requested that the Board hold a new hearing, based on its failure to follow laws requiring that parole revocation hearings be recorded.[1] The Board refused to order a new hearing. Mines then filed this petition.

## II

The central issue in this case is whether the Board's inadvertent failure to tape-record Mines' parole revocation hearing entitles him to a new hearing. Under RAP 16.4(c)(6), a person may petition the court for redress if "[t]he conditions or manner of the restraint of petitioner are in violation of the Constitution of the United States or the Constitution or laws of the State of Washington." Generally, an inmate who challenges a criminal conviction in a PRP (personal restraint petition) must meet certain judicially imposed threshold requirements. A PRP alleging a constitutional error must show "actual and substantial prejudice," while a PRP alleging nonconstitutional error must show " 'a fundamental defect which inherently results in a complete miscarriage of justice.' "[2]

However, in *In re Personal Restraint of Cashaw*,[3] the Washington Supreme Court held that these threshold requirements did not apply when an inmate challenged the Board's failure to follow its own procedures for notice and a right to attend parole hearings.[4] In *Cashaw*, the petitioner argued that the Board's decision to set his new minimum term to coincide with the maximum term without providing

---

[1] RCW 9.95.124; WAC 381-70-410. RCW 9.95.124 states that "[t]he [parole revocation] hearings shall be recorded either manually or by a mechanical recording device." WAC 381-70-410 states that "[t]here will be a recording made of all [parole revocation] hearings conducted under the provisions of this chapter. Such recordings shall be preserved for not less than six months subsequent to the hearing at the offices of the board in Olympia. Parties requesting partial or total duplication of any hearing must submit a request in writing along with blank tapes to receive the copy."

[2] *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810, 792 P.2d 506 (1990) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)).

[3] 123 Wn.2d 138, 866 P.2d 8 (1994).

[4] 123 Wn.2d at 148.

notice and an in-person hearing violated his right to procedural due process.[5] The court concluded that the Board's procedural regulations regarding parole decisions do not create a liberty interest.[6] However, the court nonetheless granted Cashaw's PRP because, "[r]egardless of any due process implications, an inmate filing a PRP may be entitled to relief merely by showing that the Board failed to follow its own procedural regulations. . . ."[7] The court reasoned that the stringent threshold requirements do not apply in Cashaw's case because:

> [t]he policies behind the threshold requirements are that "collateral relief undermines the principles of finality of litigation, degrades the prominence of the trial, and sometimes costs society the right to punish admitted offenders." Of greatest significance is the policy in granting finality to decisions that the inmate had a previous opportunity to challenge. None of these policies justifies imposition of the threshold requirements when the challenge is to a decision, such as the setting of minimum terms, from which the inmate generally has had no previous or alternative avenue for obtaining state judicial review.[8]

Accordingly, the court evaluated Cashaw's PRP by examining only the requirements of RAP 16.4. Because Cashaw was under restraint, and the restraint was unlawful because the Board violated its own regulations by failing to provide him with notice and an in-person hearing, the court granted the PRP.[9]

Similarly, in *In re Personal Restraint of Shepard*,[10] petitioner challenged the Board's failure to provide him with an

---

[5] *Cashaw*, 123 Wn.2d at 141-42.

[6] *Cashaw*, 123 Wn.2d at 147.

[7] *Cashaw*, 123 Wn.2d at 147-48.

[8] *Cashaw*, 123 Wn.2d at 148-49 (citations omitted).

[9] *Cashaw*, 123 Wn.2d at 149.

[10] 127 Wn.2d 185, 898 P.2d 828 (1995).

in-person parolability hearing.[11] The court reiterated its holding in *Cashaw*, stating that "[a]n inmate who challenges a decision concerning parole need not meet these threshold standards. This court evaluates petitions that challenge parole decisions 'by examining only the requirements of RAP 16.4.'"[12] The court concluded that Shepard's case was essentially identical to Cashaw's, and granted the petition.[13]

Mines argues that there is no relevant difference between his argument concerning the failure of the Board to tape-record his parole revocation hearing and the arguments in *Cashaw* and *Shepard* concerning the Board's failure to allow the petitioner to attend his parolability hearing. In *Cashaw* and *Shepard*, although due process had been satisfied, the court granted petitioners a new hearing because the Board violated laws and regulations when it denied petitioners an in-person hearing. Similarly, according to Mines, the Board violated state law by failing to record his parole revocation hearing. Therefore, Mines argues that he is being unlawfully restrained and is entitled to relief under RAP 16.4.

█ The State first argues that Mines' restraint is not unlawful because the Board followed the law in making a good faith attempt to tape-record his parole revocation hearing. We disagree. There is no evidence that the Board deliberately or knowingly sought to avoid taping Mines' parole revocation hearing. But RCW 9.95.124 states that hearings "shall be recorded," and WAC 381-70-410 states that "[t]here will be a recording made" of hearings. This was a procedural violation.

█ We nonetheless conclude that Mines is not entitled to relief because we agree with the State that Mines must demonstrate that he was prejudiced by the Board's procedural violation before relief may be granted, and he has

---

[11] *Shepard*, 127 Wn.2d at 189.

[12] *Shepard*, 127 Wn.2d at 191 (citations omitted).

[13] *Shepard*, 127 Wn.2d at 192.

failed to make the requisite showing. The court in *Cashaw* and *Shepard* did not expressly discuss a prejudice requirement, and evaluated those petitions by examining only the requirements of RAP 16.4. However, it is clear that the petitioners in those cases were seriously prejudiced by the Board's failure to provide notice and an in-person hearing before setting the minimum term to equal the maximum sentence. In contrast, Mines had notice of and attended his hearing. He was represented by counsel and testified at the hearing. Of course, these differences do not foreclose the question of prejudice, because an inmate's ability to obtain state judicial review could be significantly impaired by the absence of a tape recording of the hearing. Indeed, if Mines had raised any arguments in his PRP which could require us to resort to a tape recording of the hearing in order to resolve, it seems to us that he would have established sufficient prejudice to require that his PRP be granted.

However, Mines has failed to demonstrate any prejudice flowing from the Board's failure to tape his hearing. He argues that the witnesses were not sworn. But, that argument was waived because Mines, who was represented at the hearing by counsel, did not raise this allegation at the time of the hearing. Mines also claims that the witnesses did not specifically testify that they told him they did not like his advances. Mines infers that without that specific testimony, the Board could not find that he had harassed Lucy Lotto. But the unchallenged findings of the Board show that the Board did not rely solely on Lotto's testimony. The Board also considered the violation report and the testimony of Mines and his CCO. The findings demonstrate ample basis for the Board to conclude that Mines' advances were unwelcome. Mines' argument is baseless.

In personal restraint petitions, as in other direct appeals, error without prejudice is not grounds for reversal. If prejudice were not required, inmates would be encouraged to comb through regulations in search of minor procedural flaws in hopes of obtaining new hearings on the basis of harmless technical errors. The holding in *Cashaw* cannot

be taken out of context to support such a result. Mines has not shown that he was prejudiced by the Board's failure to tape his parole revocation hearing. Therefore, Mines is not being unlawfully restrained under RAP 16.4, and accordingly his petition is denied.

GROSSE and ELLINGTON, JJ., concur.

Review denied at 145 Wn.2d 1020 (2002).