985 P.2d 384 (1999)
139 Wash.2d 186
STATE of Washington, Respondent,
v.
Sabas E. CRUZ, Petitioner.
No. 67147-8.
Supreme Court of Washington, En Banc.
Argued May 18, 1999.
Decided October 7, 1999.
*385 Nielsen, Broman & Associates, Eric J. Nielsen, Eric Broman, Seattle, for Petitioner.
Jim Krider, Snohomish County Prosecutor, S. Aaron Fine, Deputy, Everett, for Respondent.
SANDERS, J.
The Persistent Offender Accountability Act (POAA), RCW 9.94A.120(4), mandates life without possibility of parole when the offender is convicted of a third "most serious offense" after two separate prior convictions. RCW 9.94A.030(25). Sabas Cruz appealed such a sentence to the Court of Appeals claiming the offense for which he was sentenced was his second, not his third, and one of the prior convictions had previously "washed out" and thus could not be calculated as part of his offender score. The Court of Appeals affirmed, but we reverse the Court of Appeals and remand for resentencing.

I.

FACTS
In 1994 Cruz was charged by an amended information with one count of rape of a child in the first degree. See RCW 9A.44.073. He waived his right to a trial by jury and was subsequently found guilty by the court. He had two prior convictions, both based on pleas of guilty: a December 1975 conviction of rape and a February 1989 conviction of attempted burglary in the first degree. Cruz was paroled for the 1975 offense on December 23, 1977, and was not convicted of another felony until February 17, 1989. By the time of Cruz's 1989 conviction the 1975 conviction had "washed out" (i.e., it was not counted as a prior offense for purposes of calculating Cruz's offender score) as a matter of law because Cruz had gone 10 years since his release without further felony conviction.
*386 In his statement on plea of guilty to the 1988 offense Cruz evidenced his understanding that his sentencing range would be between 11.5 and 15 months "based upon my criminal history which I understand the Prosecuting Attorney says to be none." Statement of Def. on Plea of Guilty (Feb. 10, 1989). However in 1990 the legislature amended the statute by eliminating sex offenses from the washout provision. Laws of 1990, ch. 3, § 706.
Assuming the previously amended washout provisions would not benefit Cruz, the 1994 trial court held Cruz was a persistent felon predicated on the two prior convictions, and sentenced him to life without possibility of parole pursuant to the POAA. Division One affirmed. State v. Cruz, 91 Wash.App. 389, 404, 959 P.2d 670 (1998). We granted his petition for review. 137 Wash.2d 1008, 978 P.2d 1098 (1999).

II.

ISSUE[1]
Are 1990 amendments to the Sentencing Reform Act of 1981, chapter 9.94A RCW, retroactive?

III.

ANALYSIS
Cruz's first conviction was in 1975 on an information charging one count of rape in violation of then RCW 9.79.010.[2] Thereafter the state adopted the Sentencing Reform Act of 1981(SRA). By the time of Cruz's 1989 conviction, the SRA provided Class B felonies would not count toward an offender's score for purposes of sentence determination if the offender had spent 10 years in the community since release from confinement without being convicted of any felonies. Former RCW 9.94A.360 (1988 Supp.).[3] At that time, removal of a "washed out" conviction from the offender score was automatic and not subject to judicial discretion. David Boerner, Sentencing in Washington § 5.6[d] (1985). The trial judge in 1989 correctly determined Cruz's 1975 felony was a Class B conviction which had "washed out"[4] and correctly sentenced him as a first offender.
But in 1990 the legislature amended the SRA to except sex offenses from washout provisions of the SRA. Laws of *387 1990, ch. 3, § 706. It is the application of this change to his prior conviction that forms the gravamen of Cruz's challenge because but for the 1975 conviction Cruz would not be a persistent offender subject to a term of life imprisonment without parole. Such is necessarily the case because a conviction for purposes of implementing the POAA must also be a conviction that forms part of a defendant's offender score. RCW 9.94A.030(27)(a)(ii); State v. Morley, 134 Wash.2d 588, 604, 952 P.2d 167 (1998).
The Court of Appeals concluded that Cruz's previously washed out conviction was not only resurrected by the 1990 amendments to the SRA, but this resurrection of his criminal history did not violate the state and federal prohibitions on ex post facto legislation.[5]Cruz, 91 Wash.App. at 399, 959 P.2d 670. But as we conclude this legislation is not retroactive, we need not reach the question of whether such a revival would run afoul of the constitutional prohibition against ex post facto legislation.
The presumption against retroactive application of a statute "is an essential thread in the mantle of protection that the law affords the individual citizen. That presumption `is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic.'" Lynce v. Mathis, 519 U.S. 433, 439, 117 S.Ct. 891, 895, 137 L.Ed.2d 63 (1997) (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 265, 114 S.Ct. 1483, 1497, 128 L.Ed.2d 229 (1994)). See also In re Personal Restraint of Shepard, 127 Wash.2d 185, 193, 898 P.2d 828 (1995) (court presumes newly enacted statutes operate prospectively). The constitutional prohibition against ex post facto legislation is but a further manifestation of the repugnance with which such retroactive legislation is viewed. See Landgraf, 511 U.S. at 266, 114 S.Ct. 1483. Nonetheless, an amendment to a statute, such as the 1990 change to the SRA, will be applied retroactively if: (1) the legislature so intended; (2) it is "curative"; or (3) it is remedial, provided, however, such retroactive application does not run afoul of any constitutional prohibition. In re F.D. Processing, Inc., 119 Wash.2d 452, 460, 832 P.2d 1303 (1992).
Legislative intent for retroactivity must be clearly found within the statute's language. See Landgraf, 511 U.S. at 268, 114 S.Ct. 1483; State v. Douty, 92 Wash.2d 930, 935, 603 P.2d 373 (1979).
But the legislature has not stated any intention to apply the 1990 change regarding sex offenses retroactively, either expressly or impliedly. Rather this statute is unequivocally prospective:
Sec. 706....
The offender score is measured on the horizontal axis of the sentencing grid. The offender score rules are as follows:
The offender score is the sum of points accrued under this section rounded down to the nearest whole number.
(1) A prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed. Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed "other current offenses" within the meaning of RCW 9.94A.400.
(2) Except as provided in subsection (4) of this section, class A and sex prior felony convictions shall always be included in the offender score. Class B prior felony convictions other than sex offenses shall not be included in the offender score, if since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent ten consecutive years in the community without being convicted of any felonies.
....
Sec. 1406....
(2) Sections 201 through 203, 301 through 305, 701 through 706, and 901 through 904 shall take effect July 1, 1990, and shall apply to crimes committed on or after July 1, 1990.

*388 Laws of 1990, ch. 3, §§ 706, 1406(2) (emphasis added). Section 706 embodies relevant amendments to the washout provisions of the SRA at issue here. Laws of 1990, ch. 3, § 706. Section 1406 is a legislative command to apply the statute prospectively.
Likewise there is no argument that this change to the washout provision is "curative." A curative amendment is one that "clarifies or technically corrects an ambiguous statute." F.D. Processing, 119 Wash.2d at 461, 832 P.2d 1303 (citation omitted). But here there is no question under the version of the SRA in effect in 1989 that a Class B felony, even for a sex offense, was subject to washout provisions. The 1990 amendment therefore effected a substantive, not curative, change.
Nor is the 1990 amendment remedial. A remedial change is one that relates to practice, procedures, or remedies, and does not affect a substantive or vested right. F.D. Processing, 119 Wash.2d at 462-63, 832 P.2d 1303. This amendment is not remedial but substantive. The amendment imposes an affirmative disability; it promotes the retributive aim of punishment, and there is no rational basis or nonpunitive purpose for the change. See State v. Ward, 123 Wash.2d 488, 499, 869 P.2d 1062 (1994); Miller v. Florida, 482 U.S. 423, 433-34, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (increase of 20 percent in offender points assigned to sex offense substantive); Collins v. Youngblood, 497 U.S. 37, 45, 110 S.Ct. 2715, 2720, 111 L.Ed.2d 30 (1990) (logical to think term "procedural" refers to changes in the procedures by which a criminal case is adjudicated as opposed to changes in substantive law of crime); Ward, 123 Wash.2d at 498 n. 5, 869 P.2d 1062 (change in criminal code, as opposed to change in sections of RCW dealing with criminal or civil procedure, is assumed to be a substantive change).
The Court of Appeals reasoned a statute is not applied retroactively where the previously washed out offense is used only to calculate the offender score for the crime committed after the amendment. Cruz, 91 Wash.App. at 399, 959 P.2d 670. However the issue here is not the calculation of Cruz's offender score in 1994, but whether or not his washed out 1975 conviction could figure into that calculation. Absent revival it could not.
Under the SRA a defendant's offender score is determined by the "offenses for which the defendant was convicted and by the defendant's `criminal history' as that term is defined in the SRA." In re Personal Restraint of Williams, 111 Wash.2d 353, 357-58, 759 P.2d 436 (1988) (emphasis added). See also Boerner, supra, § 5.4 ("[T]here are three steps involved in determining the `offender score'; determining the number and nature of past convictions which may be included, including any other current convictions, and then determining the score or weight to be given to each such conviction.") (emphasis added). Part of the definition of "criminal history" is the washout provision. Former RCW 9.94A.360(2) (1988 Supp.). A prior conviction is one that exists before the date of sentencing for the current offense. Former RCW 9.94A.360(1) (1988 Supp.). The 1990 change to the SRA would not serve to change Cruz's existing criminal history (which did not include the 1975 rape as it had washed out in 1987) unless it was applied retroactively. But absent explicit legislative command such legislation is prospective only.

IV.

Conclusion
The 1990 amendment to the washout provisions of the SRA applies prospectively only and did not revive Cruz's previously washed out conviction. The contrary decision below is reversed. We remand for resentencing using an offender score that does not include the washed out conviction.
SMITH, JOHNSON, MADSEN, and ALEXANDER, JJ., concur.
TALMADGE, J. (dissenting).
The majority interprets the "wash out" provisions of the 1990 legislation recommended by the Governor's Task Force on Community Protection in a fashion that defies the plain language of the statute and contradicts settled Washington case law on sentencing. I would enforce the language of *389 the statute as it was written and uphold prior Washington sentencing case law. In this case, I would affirm the trial court's imposition of a life sentence on Cruz.
The facts in this case are straightforward. Cruz was convicted of rape in 1975 and sentenced under the law that predated Washington's Sentencing Reform Act of 1981(SRA). He was convicted of a second felony, attempted burglary in the first degree, in 1989 after he entered his ex-wife's apartment and attempted to assault her. At the time of his sentencing for the second felony, the SRA governed Cruz's sentence. Under the law as it then applied, Cruz's 1975 conviction "washed out," that is, it was not counted for purposes of his criminal history because it was treated as a class B felony and such felonies were not counted as criminal history if the defendant spent 10 years in the community since the last date of release from confinement without being convicted of a felony. Former RCW 9.94A.360, as amended by Laws of 1984, ch. 209, § 19; Laws of 1988, ch. 157, § 3; Laws of 1988, ch. 153, § 12. Cruz was then sentenced based on an offender score of 0.
In 1994, Cruz took a 4-year-old girl and a 6-year-old girl into a cornfield where he raped the 6-year-old and then threatened both of them to secure their silence about the crime. He was charged with rape of a child in the first degree and convicted of the crime in a stipulated facts trial after having been specifically advised by the trial court he was susceptible to a life sentence under Washington's Persistent Offender Accountability Act (three strikes law), RCW 9.94A.120(4). The trial court sentenced Cruz to life imprisonment without possibility of parole in accordance with that popular 1993 legislation because he had three felony convictions.
Cruz now claims, and the majority agrees, the 1990 amendments to the SRA wash out provisions of RCW 9.94A.360 do not allow the courts to count Cruz's 1975 conviction once it had washed out, and the 1990 amendments may be applied only "prospectively."
The specific language of the 1990 amendments to RCW 9.94A.360(2) makes clear the legislative intent:
Except as provided in subsection (4) of this section, class A and sex prior felony convictions shall always be included in the offender score. Class B prior felony convictions other than sex offenses shall not be included in the offender score, if since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent ten consecutive years in the community without being convicted of any felonies. Class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without being convicted of any felonies. Serious traffic convictions shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender spent five years in the community without being convicted of any serious traffic or felony traffic offenses. This subsection applies to both adult and juvenile prior convictions.
Laws of 1990, ch. 3, § 706 (changes underscored). Moreover, in Laws of 1990, ch. 3, § 1406(2), the Legislature indicated its intent to apply the amendments prospectively: "Sections ... 701 through 706 ... shall take effect July 1, 1990, and shall apply to crimes committed on or after July 1, 1990." The statute plainly requires courts to take into consideration "Class A and sex prior felony convictions." The majority asserts this mandate applies only prospectively, but fails to explain what prospective application would mean. Implicit in the majority view is that prospective application would limit "Class A and sex prior felony convictions" to those occurring only after the effective date of the statute, July 1, 1990. Qualifying crimes committed before that date could not be counted in sentencing proceedings occurring after that date. The majority's approach would severely limit the applicability of the three *390 strikes law in a way never intended by the Legislature and the people.[1]
We effectuate legislative intent, as we must do according to our cardinal principle of statutory interpretation, City of Redmond v. Central Puget Sound Growth Management Hearings Bd., 136 Wash.2d 38, 52, 959 P.2d 1091 (1998), by concluding the 1990 amendments applied to Cruz's 1994 crime in calculating his criminal history. Cruz could understand in 1994 that if he engaged in an additional felony after July 1, 1990, the calculation of his offender score under SRA would be subject to the 1990 amendments to RCW 9.94A.360. He thus had sufficient notice to govern his behavior.
The majority's view that the 1990 amendments may not "revive" felonies that have previously "washed out" is without support in the statute or in our case law. The majority confuses "wash out" with expungement. Cruz committed a qualifying crime in 1975. He has never been exonerated of that offense, and it has never been expunged from the record. Even a pardon by the Governor does not serve to eliminate the criminal conviction:
In Washington, a Governor's unconditional pardon does not expunge the crime pardoned from the pardon recipient's record. State v. Cullen, 14 Wash.2d 105, 110, 127 P.2d 257 (1942). It merely forgives the crime by commuting the sentence. The rationale for this stems from the nature of the pardon itself; by a pardon, the Governor forgives the individual for the crime committed. Such forgiving implies that guilt was established. Cullen, [14 Wash.2d] at 109 [127 P.2d 257]. Therefore, if the same individual is convicted of a subsequent crime, he or she can be sentenced as if this were the second crime.
State v. Aguirre, 73 Wash.App. 682, 690, 871 P.2d 616, review denied, 124 Wash.2d 1028, 883 P.2d 326 (1994). The majority would treat the 1975 conviction as if it had never occurred. The statute at bar does not demand such a result.[2]
The 1990 community protection act was the product of a Washington State task force created by Governor Gardner following the murder of a young Seattle woman by an offender on work release and a brutal sexual assault on a Tacoma boy. Task Force on Community Protection, Final Report at I-1 (1989). The legislation was comprehensive in addressing much more severe criminal penalties for sex offenders, adult and juvenile, establishing more extended postrelease supervision of such offenders, creating a civil commitment system for sexually violent predators, providing for registration and community notification regarding sex offenders, limiting good time for incarcerated offenders, and providing treatment and victim services. The final bill report was blunt regarding the purpose of the 1990 amendments: "All prior juvenile and adult sex offenders are included in the scoring of adult sex offenders." H.B. Rep. E2SSB 6259, at 8 (Wash.1990). The majority would have us believe the Legislature intended to defer the 1990 amendments to the SRA wash out provisions long into the future. Nothing in the legislation supports the majority view, which defies common sense.
Further, there is nothing in the legislation to support the view, implicitly advanced by the majority, that once an offense "washes out," such offense may never again be used to calculate a basis for a future sentence. Indeed, other courts have held statutes lengthening the periods for which prior convictions would be counted were effective to "revive" offenses that were washed out, provided that the statutes were enacted before the offender's present conviction. State v. Dabney, 301 S.C. 271, 391 S.E.2d 563, cert. denied, 498 U.S. 855, 111 S.Ct. 153, 112 L.Ed.2d 119 (1990); Hinson v. Coulter, 150 *391 Ariz. 306, 723 P.2d 655 (1986), overruled on other grounds by State v. Mendoza, 170 Ariz. 184, 823 P.2d 51 (1992).
Every Washington appellate court considering the position advanced by Cruz has rejected it. State v. Watkins, 86 Wash.App. 852, 939 P.2d 1243 (1997); State v. Angehrn, 90 Wash.App. 339, 952 P.2d 195, review denied, 136 Wash.2d 1017, 966 P.2d 1277 (1998); State v. Wood, 94 Wash.App. 636, 972 P.2d 552 (1999). As the Watkins court observed:
We are asked to decide whether the trial court erred by including the 1971 felony conviction in the offender score based on the 1995 amendment. The plain language of RCW 9.94A.360(2) indicates that the new wash-out provision applies to all prior Class B felony convictions, regardless of whether that felony would have been considered washed out under the previous law. And generally, the SRA statute governing at the time of sentencing is used to determine a defendant's presumptive standard range sentence....
86 Wash.App. at 855, 939 P.2d 1243.
Because there is no statutory or constitutional right to have a "washed out" offense remain permanently "washed out" and the language of the 1990 amendments unambiguously applies to Cruz's 1994 calculation of his offender score, Cruz's sentence must be affirmed.
Given its statutory interpretation, the majority does not reach Cruz's other arguments. Those arguments do not afford him relief. The use of prior washed out felonies to form a basis for the calculation of Cruz's present offender score in sentencing does not offend ex post facto principles. The use of prior crimes affects criminal behavior only after the effective date of the 1990 amendments. The amendments did not retroactively increase the penalties for past offenses, so an ex post facto violation is not present here. State v. Ammons, 105 Wash.2d 175, 713 P.2d 719, 718 P.2d 796, cert. denied, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986); In re Personal Restraint of Williams, 111 Wash.2d 353, 362-63, 759 P.2d 436 (1988); State v. Manussier, 129 Wash.2d 652, 921 P.2d 473 (1996), cert. denied, 520 U.S. 1201, 117 S.Ct. 1563, 137 L.Ed.2d 709 (1997).[3]
The trial court correctly applied the 1990 amendments to RCW 9.94A.360 to Cruz. Those amendments do not offend constitutional ex post facto principles. I would uphold Cruz's life sentence.
GUY, C.J., IRELAND, J., and KENNEDY, J.P.T., concur.
NOTES
[1] Cruz raised a number of other attacks upon his persistent offender sentence; however, as we conclude that the 1990 amendments to the SRA did not revive Cruz's previous conviction, we need not address his other arguments.
[2] Rape was not codified into class A, B, and C felonies until after Cruz's 1975 crime. Laws of 1975, 1st ex. sess., ch. 14, §§ 4-6.
[3] The statute stated in relevant part:

9.94A.360. Offender score. The offender score is measured on the horizontal axis of the sentencing grid. The offender score rules are as follows:
The offender score is the sum of points accrued under this section rounded down to the nearest whole number.
(1) A prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed. Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed "other current offenses" within the meaning of RCW 9.94A.400.
(2) Except as provided in subsection (4) of this section, class A prior felony convictions shall always be included in the offender score. Class B prior felony convictions shall not be included in the offender score, if since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent ten consecutive years in the community without being convicted of any felonies....
Former RCW 9.94A.360 (1988 Supp.).
[4] The Court of Appeals did not disagree with this conclusion. State v. Cruz, 91 Wash.App. 389, 397, 959 P.2d 670 (1998), review granted, 137 Wash.2d 1008, 978 P.2d 1098 (1999). Below, the state argued that Cruz's 1975 conviction could have been a first degree rape, and thus never subject to wash out, but has not brought the issue to this court. Even if the issue was before us, it is too late for the state to challenge the court's 1989 decision to wash out Cruz's 1975 conviction. State v. Sherwood, 71 Wash. App. 481, 486-88, 860 P.2d 407 (1993). Also, on the record before us, Cruz could not have been guilty of first degree rape, which requires either a kidnapping, a felonious entry, or the use or threatened use of a deadly weapon. RCW 9A.44.040. To determine whether Cruz committed first degree rape would require a "mini-trial" to determine the facts of Cruz's 1975 convictionan outcome we find unacceptable when examining pre-SRA convictions under the SRA. See State v. Wiley, 124 Wash.2d 679, 686, 880 P.2d 983 (1994).
[5] "No state shall ... pass any ... ex post facto law...." U.S. Const. art. I, § 10; "No ... ex post facto law ... shall ever be passed." Wash. Const. art. I, § 23.
[1] The majority writer's view comports with his view that the three strikes law is unconstitutional, a position that has not prevailed in this Court. State v. Rivers, 129 Wash.2d 697, 921 P.2d 495 (1996) (Sanders, J., dissenting).
[2] Cf. RCW 9.95.240 (after successful probation, guilty verdict may be set aside and information or indictment may be dismissed, but "in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.").
[3] Cruz raises numerous arguments regarding the three strikes statute. Those arguments have largely been rejected in our prior three strikes cases. I would decline to reach those issues.