[No. 27059-5-II.   Division Two.   September 27, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. JODIE LEE DEAN, *Appellant*.

*Rita J. Griffith* and *Kevin R. Cole*, for appellant (appointed counsel for appeal).

*Gerald A. Horne, Prosecuting Attorney*, and *John M. Neeb, Deputy*, for respondent.

HOUGHTON, J. — Jodie Lee Dean appeals from his sentence on a conviction of possession of a controlled substance with intent to deliver. He argues that his prior juvenile adjudications "washed out" and should not have been used to calculate his offender score at sentencing. We agree, vacate the sentence, and remand for resentencing.

## FACTS

Dean turned 23 years old on May 27, 1992. On November 21, 2000, when he was 31 years old, he committed the crime of possession of a controlled substance with intent to deliver. He pleaded guilty.

Dean had a prior criminal history: (1) a 1984 juvenile adjudication of third degree assault, (2) a 1987 juvenile adjudication of unlawful delivery of a controlled substance, (3) a 1987 adult conviction of eluding, (4) a 1990 adult conviction of possession of stolen property, and (5) a 1993 Idaho adult conviction of aggravated battery.

When the superior court sentenced Dean, it used the 1984 and 1987 juvenile adjudications in calculating his offender score. Without the juvenile adjudications, his offender score would have been four, with them it was six. The trial court imposed a 67-month standard range sentence. Dean appeals.

## ANALYSIS

Dean contends that his juvenile adjudications automatically washed out on his 23rd birthday in May 1992 because the sentencing laws then in effect provided that when sentencing an offender for a crime committed after his or her 23rd birthday, juvenile adjudications are not to be used to calculate the offender score.

This issue has been the subject of numerous Court of Appeals opinions, state Supreme Court opinions, and legislative amendments to the Sentencing Reform Act of 1981 (SRA).[1] Therefore, an understanding of this issue requires a brief recounting of these developments.

### 1997 SRA Amendment

Before 1997, when a sentencing court calculated an offender score, it counted juvenile class B or C felonies only if the offender committed the current offense when less than 23 years old. Former RCW 9.94A.030(12)(b) (1996); *State v. Smith*, 144 Wn.2d 665, 670, 30 P.3d 1245, 39 P.3d 294 (2001). Because prior juvenile offenses were not counted as part of an offender score if the offender committed the current offense when older than 23 years, the prior juvenile offenses were said to "wash out" and not be included in the offender score calculation. *Smith*, 144 Wn.2d at 670-71.

Then, in 1997, the Legislature amended RCW 9.94.A.030 (12)(b) to eliminate the wash-out provision. LAWS OF 1997, ch. 338, § 2 (1997 Amendment). Thus, under the 1997 Amendment, all prior juvenile adjudications were to be used to calculate an offender score for sentencing purposes.[2]

---

[1] Chapter 9.94A RCW.

[2] That statute now reads simply that " '[c]riminal history' means the list of a defendant's prior convictions and juvenile adjudications, whether in this state, in federal court, or elsewhere. The history shall include, where known, for each

But it remained an open question whether elimination of the juvenile wash-out provision applied to juvenile adjudications occurring before the 1997 Amendment when a trial court sentenced a defendant for an offense committed after the 1997 Amendment.

## State v. Cruz

In 1999, our Supreme Court held that amendments to the SRA were not retroactive. *State v. Cruz*, 139 Wn.2d 186, 190, 985 P.2d 384 (1999). *Cruz* addressed an SRA amendment similar to the one in this case, enacted in 1990, that excepted sex offenses from wash-out provisions. LAWS OF 1990, ch. 3, § 706 (1990 Amendment); *Cruz*, 139 Wn.2d at 190.

Cruz committed his current offense in 1994. *Cruz*, 139 Wn.2d at 187. But he had two prior convictions: a 1975 sex offense and a 1989 felony. *Cruz*, 139 Wn.2d at 188. When Cruz was sentenced for the 1989 felony, his 1975 offense washed out under the law in effect at the time. *Cruz*, 139 Wn.2d at 189. But when he was sentenced in 1994, after the 1990 Amendment, the trial court used the 1975 sex offense to calculate his offender score. *Cruz*, 139 Wn.2d at 190.

Our Supreme Court reversed, holding that because the 1990 Amendment was not retroactive, it did not "revive" the 1975 conviction that had washed out. *Cruz*, 139 Wn.2d at 193. The court explained:

> The Court of Appeals reasoned [that] a statute is not applied retroactively where the *previously washed out offense* is used only to calculate the offender score for the crime committed after the amendment. [*State v.*] *Cruz*, 91 Wn. App. [389,] 399

---

conviction . . . (b) whether the defendant has been incarcerated and the length of incarceration." RCW 9.94A.030(13).

We note, although not applicable here, the Legislature added a new, final section to this statute, effective June 13, 2002: "RCW 9.94A.030(13)(b) and (c) and 9.94A.525(18) apply only to current offenses committed on or after the effective date of this act. No offender who committed his or her current offense prior to the effective date of this act may be subject to resentencing as a result of this act." LAWS OF 2002, ch. 107, § 4. Because this amendment is prospective in application and the effective date of the statute is after Dean's current offense, it does not apply here.

[, 959 P.2d 670 (1998)]. However the issue here is not the calculation of Cruz's offender score in 1994, but whether or not his *washed out 1975 conviction* could figure into that calculation. Absent revival it could not.

*Cruz*, 139 Wn.2d at 193 (emphasis added).

█ Under the Supreme Court's *Cruz* holding, when the 1989 court determined that Cruz's 1975 conviction washed out, this permanently affected the status of the 1975 conviction for all future sentencing. The court considered a washed-out conviction virtually expunged for future sentencing purposes. *Cruz*, 139 Wn.2d at 196 (Talmadge, J., dissenting). For a later-enacted statutory amendment to change the legal status of that conviction for sentencing purposes, it must operate retroactively to resurrect or "revive" the washed-out conviction. *Cruz*, 139 Wn.2d at 193. Because the court determined that the 1990 Amendment was not retroactive, it did not resurrect the 1975 conviction. *Cruz*, 139 Wn.2d at 193.

The Legislature Responds to *Cruz*

In response to the Supreme Court's holding in *Cruz*, in June 2000, the Legislature enacted RCW 9.94A.345 (the Timing Statute). LAWS OF 2000, ch. 26, § 2. This provision, entitled "Timing," states in its entirety that "[a]ny sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed."

In an accompanying statutory note, the Legislature made clear that

[RCW 9.94A.345] is intended to cure any ambiguity that might have led to the Washington supreme court's decision in *State v. Cruz*, Cause No. 67147-8 (October 7, 1999). A decision as to whether a prior conviction shall be included in an individual's offender score should be determined by the law in effect on the day the current offense was committed. [RCW 9.94A.345] is also intended to clarify the applicability of statutes creating new sentencing alternatives or modifying the availability of existing alternatives.

LAWS OF 2000, ch. 26, § 1.

With this, the Legislature stated its disapproval of our Supreme Court's holding in *Cruz*, seemingly in favor of the Court of Appeals analysis. If the offender score, including whether prior convictions wash out, is determined according to the law in effect at the time of the commission of the current offense, it is not necessary to apply the law retroactively. In other words, the use of a previously washed-out offense to calculate the offender score for a new offense does not affect the status of the prior offense.

## State v. Hendricks

In *Hendricks*, we held that the Timing Statute is curative and "expressly intended to apply retroactively." *State v. Hendricks*, 103 Wn. App. 728, 739, 14 P.3d 811 (2000), *rev'd sub nom. Smith*, 144 Wn.2d 665. But the Supreme Court accepted review of our decision, consolidated it with three other cases, and reversed it. *Smith*, 144 Wn.2d 665.

## State v. Smith

In *Smith*, the Supreme Court reasserted its interpretation that washed-out prior convictions are virtually expunged for future sentencing purposes. *Smith*, 144 Wn.2d at 674-75. The court held that the 1997 Amendment does not operate retroactively to resurrect or revive previously washed-out juvenile adjudications for purposes of calculating a defendant's current offender score. *Smith*, 144 Wn.2d at 668-69.

For each of the four defendants, the *Smith* court stated that the felony convictions "washed out . . . when he reached age 23" or "because they occurred before he reached age 15."[3] *Smith*, 144 Wn.2d at 669. With these factual assertions at the outset of its opinion, the court asserted

---

[3] *Smith* also addressed whether the 1997 Amendment applied to juvenile adjudications that washed out because they occurred before the offender was 15 years old.

that a conviction washes out permanently on the occasion of the defendant's 15th or 23rd birthday, according to the law in effect on that birthday.

Citing *Cruz*, our Supreme Court again determined that any future legislative amendment would have to operate retroactively to change the washed-out (quasi-expunged) status of prior convictions. *Smith*, 144 Wn.2d at 671-72. The court then examined the Timing Statute and its comment. The court found no clear legislative intent for the 1997 Amendment to apply retroactively. *Smith*, 144 Wn.2d at 672. Therefore, the court held that the defendants' prior juvenile adjudications remained washed out.[4] *Smith*, 144 Wn.2d at 674-75.

## The Legislature Responds to *Smith*

During its 2002 Regular Session, the Legislature enacted Substitute Senate Bill 6423 (SSB 6423). This new legislation, effective on June 13, 2002, appears to supplant the court's interpretation that "washed-out" juvenile sentences are virtually expunged. The Legislature stated that it

> considers the majority opinions in *State v. Cruz*, 139 Wn.2d 186 (1999), and *State v. Smith*, Cause No. 70683-2 (September 6, 2001), to be wrongly decided, since neither properly interpreted legislative intent. When the legislature enacted the sentencing reform act, chapter 9.94A RCW, and each time the legislature has amended the act, the legislature intended that an offender's criminal history and offender score be determined using the statutory provisions that were in effect on the day the current offense was committed.
>
> Although certain prior convictions previously were not counted in the offender score or included in the criminal history pursuant to former versions of RCW 9.94A.525, or RCW

---

[4] Recently in *State v. Perry*, 110 Wn. App. 554, 42 P.3d 436 (2002), Division Three of this court also held that the 1997 Amendment is not retroactive, citing *Smith*. But *Perry* does not apply here because Perry turned 23 years old in 1998, after the 1997 Amendment. *Perry* appears to hold that prior juvenile adjudications wash out under the pre-1997 Amendment SRA only if the offender has previously been sentenced as a 23 year old. *Perry*, 110 Wn. App. at 559. But even if this is correct, it is dictum because Perry turned 23 years old after the 1997 Amendment.

9.94A.030, those prior convictions need not be "revived" because they were never vacated. As noted in the minority opinions in *Cruz* and *Smith*, such application of the law does not involve retroactive application or violate ex postfacto prohibitions. Additionally, the Washington state supreme court has repeatedly held in the past that the provisions of the sentencing reform act act upon and punish only current conduct; the sentencing reform act does not act upon or alter the punishment for prior convictions. See *In re Personal Restraint Petition of Williams*, 111 Wn.2d 353, [759 P.2d 436] (1988). The legislature has never intended to create in an offender a vested right with respect to whether a prior conviction is excluded when calculating an offender score or with respect to how a prior conviction is counted in the offender score for a current offense.

LAWS OF 2002, ch. 107, § 1.

## Application to the Present Case

SSB 6423 is the latest volley in the match between the Legislature and our Supreme Court on this issue and a clarification of the Legislature's intent in passing the 1997 Amendment.[5] But for us to apply it to Dean's offense, we would have to apply it retroactively, which, according to well-established precedent, we cannot do.

■ Curative amendments cannot be applied retroactively if they contravene a judicial construction of the original statute. *State v. Jones*, 110 Wn.2d 74, 82, 750 P.2d 620 (1988); *State v. Dunaway*, 109 Wn.2d 207, 216 n.6, 743 P.2d 1237, 749 P.2d 160 (1987) (to do so would make the Legislature a court of last resort); *Johnson v. Morris*, 87 Wn.2d 922, 926, 557 P.2d 1299 (1976) ("Such a proposition is disturbing in that it would effectively be giving license to the legislature to overrule [the state Supreme Court], raising separation of powers problems.").

---

[5] These opinions and enactments magnify and highlight the separation of powers secured under our constitution. WASH. CONST. art. II, § 1 ("The legislative authority of the state of Washington shall be vested in the legislature. . . ."); and WASH. CONST. art. IV, § 1 ("The judicial power of the state shall be vested in a supreme court. . . .").

██ Thus, because SSB 6423 by its own terms contravenes the judicial construction of the 1997 Amendment, we cannot apply it retroactively in sentencing Dean's current offense, which he committed in 2000.

The State argues that because Dean's current offense was committed after the Timing Statute went into effect on June 8, 2000, that is the law to be applied when calculating Dean's sentence. As noted above, that statute states "[a]ny sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed." RCW 9.94A.345. But this begs the question of what law was in effect in November 2000 when Dean committed his offense.

The law in effect in November 2000 regarding calculating offender scores was our Supreme Court's interpretation of the 1997 Amendment articulated in *Smith*. It is a well-settled rule of statutory construction that when the highest court in the state has interpreted a statute, that interpretation operates as if it were originally written into it. *Johnson*, 87 Wn.2d at 927. Therefore, we must apply the reasoning in *Smith* to the 1997 Amendment as if it were written into it.

And, under the reasoning of *Smith*, Dean's juvenile adjudications washed out for all future sentencing purposes when Dean turned 23 years old, on May 23, 1992. *See Smith*, 144 Wn.2d at 669. Because the Timing Statute does not specifically provide for a retroactive revival of the washed-out convictions, the 1997 Amendment does not revive Dean's juvenile adjudications. *See In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866-67, 50 P.3d 618 (2002) (under former RCW 9.94A.030(12)(b) (1996) applicable under *Smith*, 144 Wn.2d 665, prior juvenile class B and C felonies no longer count toward offender score once defendant turns 23); *Smith*, 144 Wn.2d at 672. The sentencing court therefore erred in counting the juvenile adjudications when calculating Dean's offender score.

The sentence is vacated and the matter is remanded to the trial court for resentencing.

HUNT, C.J., and SEINFELD, J., concur.

Review denied at 149 Wn.2d 1009 (2003).