

2016 MAR 21  AM 9: 3

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

|  |  |
|---|---|
| In the Matter of the Personal Restraint of | ) ) ) |
|  | No. 73272-2-I |
| BRANDON JOSEPH GERNER, | ) ) ) |
| Petitioner. | ) ) ) |
|  | UNPUBLISHED OPINION |
|  | FILED: March 21, 2016 |

PER CURIAM.  Brandon Gerner pleaded guilty in 2000 to six charges: attempt to elude a police vehicle, assault in the second degree, assault in the third degree, unlawful possession of a firearm, and two counts of burglary in the first degree in Snohomish County Superior Court No. 00-1-01991-7.  He filed a personal restraint petition in December 2014, arguing that his judgment and sentence is invalid on its face because his offender score was miscalculated.  The State concedes that Gerner's petition is not time-barred and that his offender score was miscalculated.  We accept the State's concession of error and remand for further proceedings.

At the time of sentencing, the State and defense agreed upon the offender score for each count.  Included in the offender score was a January 1997 conviction for robbery in the second degree, committed when Gerner was 13 years old, and before the amendment to RCW 9.94A.030 which allowed juvenile offenses committed before the age of 15 to be counted for purposes of calculating

a defendant's offender score. Therefore, the 1997 robbery conviction should have been excluded for purposes of calculating Gerner's offender score.[1] See In re LaChappelle, 153 Wn.2d 1, 4, 100 P.3d 805 (2004).

Accordingly, we grant Gerner's petition and remand the matter to the superior court for resentencing consistent with this opinion.

For the court:

_____

_____

_____

---

[1] It appears that all counts, except count I, result in a different offender score when the 1997 robbery conviction is excluded.