IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56885-3-II |
| Respondent, | |
| v. | |
| JAMES WILLIAM GRANTHAM, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — James W. Grantham appeals from his sentence imposed following resentencing. Grantham argues the superior court erred by failing to meaningfully consider his youth as a mitigating factor. In his statement of additional grounds (SAG),[1] Grantham claims his criminal history improperly included a juvenile conviction committed before he was 15 years old. We affirm.

FACTS

In July 1994, Grantham was charged with first degree murder. Grantham was 20 years old at the time of the murder. In May 1995, a jury convicted Grantham as charged. Grantham's criminal history included two convictions for second degree rape, one conviction for second degree possession of stolen property (PSP), and one conviction for bail jumping. Grantham's criminal history also included two juvenile convictions: unlawful possession of a controlled substance (UPCS) and first degree robbery committed when Grantham was 14 years old. Grantham's

---

[1] RAP 10.10.

offender score was calculated as 6, resulting in a standard range of 312-416 months. Grantham was sentenced to 416 months' confinement.

In 2022, Grantham filed a motion to vacate his judgment and sentence and to be resentenced based on our Supreme Court's opinion in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Removing the juvenile UPCS conviction, the only one affected by *Blake*, from Grantham's criminal history did not change his offender score or standard range because the juvenile conviction, scored at only a half point, did not contribute to his offender score. *See* former RCW 9.94A.360 (1992) ("The offender score is the sum of points accrued under this section rounded down to the nearest whole number."). Nevertheless, the superior court held a resentencing hearing.

At the resentencing, Grantham did not seek a sentence below the standard range. Instead, Grantham asked the superior court to impose a standard range sentence of 320 months. In support of his request for a shorter sentence, Grantham pointed to his youth at the time of the crime. He also pointed to his efforts toward rehabilitation, including completing an associate's degree and getting licensed as a barber.

The superior court imposed 404 months' confinement—a 12-month reduction to the original sentence—based on Grantham's efforts toward rehabilitation.

No. 56885-3-II

Grantham appeals.[2]

ANALYSIS

I. CONSIDERATION OF YOUTH

Grantham argues that the superior court erred by failing to meaningfully consider his youth at his resentencing. Specifically, Grantham argues our Supreme Court's decisions in *Monschke*[3] and *O'Dell*[4] required the superior court to meaningfully consider his particular vulnerabilities as a youthful offender, "such as impulsivity, poor judgment, and susceptibility to outside influences." Br. of Appellant at 14.

However, because Grantham was not receiving a mandatory life without parole (LWOP) sentence and did not seek a mitigated sentence below the standard range, the authorities cited by Grantham did not require the superior court to undertake the type of consideration Grantham demands. Therefore, the superior court did not commit a reversible error at Grantham's resentencing hearing.

In *Monschke*, our Supreme Court held that it was unconstitutional to impose an LWOP sentence on an 18-, 19-, or 20-year-old offender without considering the mitigating qualities of

---

[2] The State points out that Grantham was not entitled to a resentencing hearing because his judgment and sentence was facially valid. However, the State concedes that it did not cross-appeal and this issue is not before this court. When a change in offender score does not change the standard range, the judgment and sentence is not facially invalid and a collateral attack on the judgment and sentence is not exempt from the one-year time bar pursuant to RCW 10.73.090(1). Order, *In re Pers. Restraint of Richardson*, No. 101043-5 (Wash. Sup. Ct. Nov. 14, 2022), https://www.courts.wa.gov/opinions/pdf/1010435.pdf. But because the State did not cross-appeal, we do not address the validity of Grantham's resentencing.

[3] *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021).

[4] *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015).

youth. 197 Wn.2d at 325-36. Although Grantham was 20 years old at the time he committed his offense, he did not receive a mandatory LWOP sentence. *See In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 24, 513 P.3d 769 (2022) (holding that *Monschke* is not material to the sentences of youthful offenders who were not convicted of aggravated first degree murder or sentenced to mandatory LWOP). Therefore, *Monschke* is not relevant to Grantham and imposes no requirement on the superior court to meaningfully consider his youth.

In *O'Dell*, our Supreme Court recognized that the characteristics of an offender's youth may contribute to a defendant's crime and diminish the defendant's culpability. 183 Wn.2d at 695. Therefore, the *O'Dell* court held that an offender's youthfulness is a mitigating factor that can support a sentence below the standard range. *Id*. at 696. And the superior court "must be allowed to consider youth as a mitigating factor" when sentencing youthful offenders. *Id*. at 696. Thus, a superior court errs by failing to consider a request for a mitigated sentence or when it bases its decision on the " 'mistaken belief that it did not have the discretion to impose a mitigated exceptional sentence for which [a defendant] may have been eligible.' " *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017) (alteration in original) (quoting *In re Pers. Restraint of Mulholland*, 161 Wn.2d 322, 333, 166 P.3d 677 (2007)); *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005).

Here, Grantham did not request a mitigated sentence below the standard range; he requested a sentence within the standard range. Accordingly, like *Monschke*, *O'Dell* has no relevance to Grantham. Therefore, nothing in these cases compels the conclusion that the superior court abused its discretion.

II. OFFENDER SCORE

In his SAG, Grantham claims that the superior court erred in relying on his prior juvenile conviction for first degree robbery. We disagree.

To the extent Grantham is claiming that his offender score was incorrectly calculated, this claim fails. While, under former RCW 9.94A.360(4),[5] it is true that his juvenile conviction for first degree robbery (committed at age 14) should not have contributed to Grantham's offender score, there is no evidence that it did. Each of the second degree rape convictions would have counted for two points, and the bail jumping and PSP would each count as one point for a total of six points. Former RCW 9.94A.360(10).[6] Accordingly, Grantham's offender score was correctly calculated using only his adult convictions.[7]

---

[5] Under former RCW 9.94A.360(4), a prior juvenile conviction for a class A felony non-sex offense may only be included in the calculation of an offender score if the offender was 15 years old or older at the time of the offense.

[6] Former RCW 9.94A.360(10) provides:

> If the present conviction is for Murder 1 or 2, Assault 1, Assault of a Child 1, Kidnapping 1, Homicide by Abuse, or Rape 1, count three points for prior adult and juvenile convictions for crimes in these categories, two points for each prior adult and juvenile violent conviction (not already counted), one point for each prior adult nonviolent felony conviction, and 1/2 point for each prior juvenile nonviolent felony conviction.

[7] The State asserts that, at his original sentencing, the trial court counted the second degree rape convictions as the same criminal conduct and, therefore, Grantham's offender score was calculated based on two points for the rape convictions, one point for the bail jumping, one point for the PSP, and two points for the juvenile robbery conviction. The record before this court belies this assertion. Grantham's judgment and sentence includes a place to designate prior convictions counted as one offense and there is nothing noted there. And the record of the original sentencing hearing is not in the record before this court. Therefore, nothing clearly establishes that the two rape convictions were counted as the same criminal conduct.

Moreover, the State's calculation would be legally incorrect given that former RCW 9.94A.360(4) clearly states that juvenile offenses for Class A felony non-sex offenses are not

No. 56885-3-II

To the extent that Grantham is claiming that simply including a reference to the juvenile robbery conviction in his judgment and sentence was error, this claim lacks merit. Grantham relies on *In re Personal Restraint of LaChapelle*, 153 Wn.2d 1, 100 P.3d 805 (2004), to support his assertion that including an unscored conviction in the judgment and sentence is error. However, *LaChapelle* holds only that juvenile convictions committed before the offender was 15 years old cannot be counted in an offender score if the juvenile offense was committed prior to the amendment to the Sentencing Reform Act, chapter 9.94A RCW, that allowed such convictions to be counted. 153 Wn.2d at 12-13. Further, there is nothing in the record to establish that the court based its sentencing determination on Grantham's juvenile robbery conviction.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

CHE, J.

---

counted if the offender was under 15 at the time of the offense and Grantham's judgment and sentence designates the juvenile robbery conviction as "(LESS 15)." Clerk's Papers (CP) at 6. Counting the rape convictions separately and not counting the juvenile robbery conviction reaches the same offender score of six and is legally correct. Accordingly, we reject the State's asserted calculation of Grantham's offender score.

6